IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SPENCER L. DAVIS                                                  PLAINTIFF

v.                                   No. 4:18-cv-341-DPM

AT&T UMBRELLA
BENEFIT PLAN No. 3                                     DEFENDANT

### ORDER

1. Davis worked for Southwestern Bell and its successor, AT&T, for thirty-four years. His last job was as a supplies attendant. One day in April 2014, Davis fell at work and injured his lower back. Everyone agreed that he could no longer do his job. He received short-term disability benefits from AT&T's plan. His request for long-term benefits, however, was denied initially and on appeal. The Court agrees with Davis's plain language paraphrase of the plan's requirement for long-term benefits: Davis is disabled if he can only perform jobs that pay less than half of what he was earning before his disability began. Record 1874; № 15 at 5. According to Davis's treating doctors, the discs in his lower spine are degenerating, causing problems. His capacities for lifting, bending, stooping, crouching, and crawling are limited. Davis received a 7% total disability rating before the plan made its final decision, which was increased to 13% thereafter.

He was sixty-one when the plan denied his appeal. Taking account of Davis's limitations, were there available jobs he could do and earn more than approximately $13 an hour — 50% of what he'd earned before? The plan concluded that there were. Examples included an inventory clerk, delivery driver, and shipping clerk. Davis challenges the plan's decision and how it was made.

**2.** Davis says all roads lead back to AT&T, so review should be *de novo*. The Court disagrees. The plan gives the plan administrator, AT&T Services, Inc., plenary discretion to interpret and apply it. Record 535; *see* № 23 *at* 3. AT&T Services, Inc. has delegated final claims decisions to Sedgwick Claims Management, a third party. Record 1885. This arrangement minimizes the conflict where the payer and the decider are the same. *Chronister v. Unum Life Insurance Co. of America*, 563 F.3d 773, 775 (8th Cir. 2009). The standard of review remains abuse of discretion. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The fact that AT&T's plan is self-funded is in the balance on whether discretion was abused, but the Court's review is not *de novo*. Davis's effort to invoke the stricter standard through Arkansas law also fails. Through the deemer clause, ERISA preempts state law that might otherwise regulate this self-funded plan's delegation of claims decisions. *FMC Corp. v. Holliday*, 498 U.S. 52, 61

(1990); *Prudential Insurance Co. of America v. National Park Medical Center, Inc.*, 413 F.3d 897, 912–913 (8th Cir. 2005).

3. Davis's back problems have gotten worse since the plan made its final decision. And the Court understands his criticisms of various things the plan did and did not do in deciding his claim. But, the plan's decision was among the reasonable outcomes. The record is confined to the evidence before Sedgwick. *Conley v. Pitney Bowes*, 176 F.3d 1044, 1049 (8th Cir. 1999). Davis is no longer a young man. He's now sixty-four. Most people, though, work in their sixties. The plan's lack of focus on his age doesn't show discretion abused. The method used by the plan's independent medical examiners to contact Davis's doctors is vulnerable to criticism. An email with a will-call date seems unlikely to ensure a conversation with a busy treating doctor. Why not make an appointment with the treater's staff for a time when the doctor will be available? But the independent examiners did make repeated efforts, albeit without success, to reach Davis's doctors. *See, e.g*, Record 358–59, 363, 366, 370, 372–73, 376–78, 389–90, 394–95. In the end, because the examiners came to the same conclusions about the extent of Davis's limitations as his treating doctors did, there was no harm from the faulty communication method. Last, the dating and naming problems that Davis identifies show hurry and inattention. They're not so serious as to make the plan's conclusion unreasoned.

* * *

AT&T's motion for judgment, № 23, is granted. Davis's motion for judgment, № 15, is denied. His complaint will be dismissed with prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 February 2019